UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ASPEN SQUARE MANAGEMENT, INC. )
and POLO CLUB CORDOVA LIMITED )
PARTNERSHIP, )
                                               )                  2:11-CV-00093-PMP-VCF
                Plaintiffs, )
                                               )
v. )                           <u>ORDER</u>
                                                )
SCOTTSDALE INSURANCE )
COMPANY, )
                                                )
                Defendant. )
                                                )

        Before the Court is Defendant Scottsdale Insurance Company's ("Scottsdale") Motion for Summary Judgment (Doc. #21) and Plaintiffs' Motion for Partial Summary Judgment (Doc. #23). The Court held a hearing on these motions on December 19, 2011.

        Having read and considered the parties' briefs and having heard the parties' arguments at the hearing, the Court agrees with Defendant Scottsdale's interpretation of the insurance policy that the Assault Form is the only available coverage for assault and battery under the policy and the exclusion in the Assault Form for liability assumed under a contract excludes all coverage for assault and battery. Reading the policy as a whole, the policy does not cover assault or battery absent the Assault Form. Plaintiffs make no argument that the "bodily injury" coverage applies to assault or battery, and the policy contains an exclusion for intentional or expected injury under the bodily injury coverage part. The "personal and advertising injury" coverage part specifies the "offenses" which it covers, and neither assault nor battery are included. Consequently, the Assault Form is a

coverage provision because it provides for $50,000 in coverage for assault and battery that the policy would not cover absent the endorsement.  Because the Assault Form provides coverage, the exclusions therein are exclusions, and not exceptions giving back coverage.  As exceptions, they are construed narrowly to provide the insured the greatest possible coverage.  Consequently, the exclusion which bars coverage for contractually assumed liability would apply (and thereby bar coverage for assault or battery under the Assault Form) only if the sole reason The Bisch Group, Inc. ("Bisch") is liable to Plaintiffs is due to Bisch's contractual assumption of liability.  See Roger H. Proulx & Co. v. Crest-Liners, Inc., 98 Cal. App. 4th 182, 202 (Cal. App. Ct. 2002); Gibbs M. Smith, Inc. v. U.S. Fid. & Guar. Co., 949 P.2d 337, 342 (Utah 1997).  The parties agree that Bisch would be liable to Plaintiffs on an equitable indemnity theory, and consequently the contractual assumption of liability exclusion does not apply.  The Court therefore will grant Scottsdale's Motion to the extent it seeks a declaration that its interpretation of the policy is correct, and the Court will deny Plaintiffs' counter-motion for partial summary judgment based on their interpretation of the Assault Form.

However, a genuine issue of fact remains as to whether Justine Baker's ("Baker") Second Amended Complaint in the underlying lawsuit asserts facts triggering potential personal and advertising injury coverage under Scottsdale's broad duty to defend.  United Nat'l Ins. Co. v. Frontier Ins. Co., Inc., 99 P.3d 1153,1157-58 (Nev. 2004).  Baker alleges she was handcuffed on the ground for thirty minutes before medical personnel arrived.  Consequently, Scottsdale has ascertained facts which give rise to potential liability under the policy.  Although Baker has not yet asserted a false imprisonment claim, there is at least a potential for coverage under the personal and advertising injury coverage, and the Court will deny Scottsdale's Motion and will grant Plaintiffs' Motion on this basis.

IT IS THEREFORE ORDERED that Defendant Scottsdale Insurance Company's ("Scottsdale") Motion for Summary Judgment (Doc. #21) is hereby GRANTED in that the

1   Court finds Scottsdale's interpretation of the subject insurance policy to be the correct
2   interpretation.  The Motion is denied in all other respects.
3       IT IS FURTHER ORDERED that Plaintiffs' Motion for Partial Summary
4   Judgment (Doc. #23) is hereby GRANTED in that genuine issues of material fact remain as
5   to whether a potential for coverage exists under the policy's personal and advertising injury
6   coverage.  The Motion is denied in all other respects.

8   DATED:  December 20, 2011

    _____
    PHILIP M. PRO
    United States District Judge